## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| REUBEN CAMPOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: CIV-17-1279-HE |
| | ) | |
| AMERICAN BUILDERS & | ) | |
| CONTRACTORS SUPPLY CO., INC. | ) | |
| d/b/a ABC SUPPLY CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Reuben Campos ("Plaintiff" or "Campos") and for his Complaint against ABC Supply Company, Inc. ("Defendant" or "Employer") states as follows:

## PARTIES, JURISDICTION AND VENUE

1.     Mr. Campos is a resident of Oklahoma City, Oklahoma.  Mr. Campos is Hispanic, his national origin is Mexican and he is older than forty (40).

2.     According to the registration on file at the Oklahoma Secretary of State, Defendant American Builders & Contractors Supply Co., Inc. d/b/a ABC Supply Co., Inc. is a corporation formed under the laws of the State of Delaware with its principal place of business in Beloit, Wisconsin.  Defendant does business in the State of Oklahoma, including Edmond, Oklahoma, and elsewhere.

3.     The incidents giving rise to Mr. Campos claims occurred in Oklahoma City, Oklahoma and elsewhere.

4.      Mr. Campos filed a Charge of Discrimination with the EEOC, alleging he was discriminated based upon his race, national origin and age.  A Notice of Right to Sue was issued by the EEOC and Mr. Campos is initiating this action within ninety (90) days of the receipt of the Notice of Right to Sue.  As such, all conditions precedent to the filing of this lawsuit have been fulfilled.

5.      This Court has jurisdiction over Mr. Campos' claims pursuant to 28 U.S.C.A. § 1331.

6.      Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391(b)(2) as a substantial part of the events giving rise to Mr. Campos claims occurred in this district.

## FACTS COMMON TO ALL CLAIMS

7.      Mr. Campos was originaly employed by Defendant in 1990, when he was hired to work for the company at a location in Dallas, Texas.

8.      Except for a 4-month break in service, Mr. Campos has worked for Defendant since June 1, 1990, as a full-time employee at various locations in Oklahoma and Texas.  For the three and one-half years preceding Defendant's termination of Mr. Campos' employment, Mr. Campos was a full-time employee of Defendant at its Edmond, Oklahoma branch.

9.      At all times since he was initially employed with Defendant, he successfully performed his job duties and was in good standing.  He never had any write-ups with Defendant nor was he ever counseled regarding his attendance or job performance.

10.     In 2016, the Edmond branch of the Defendant was assigned a new Branch Manager, Andrew Hastings.   Upon information and belief, Mr. Hastings had previously worked for Defendant at a different location in Oklahoma.

11.     In August or September of 2016, Mr. Hastings, who is Caucasian and under the age of 40, requested Mr. Campos train a white male, Brandon Grimsley, to perform all the job duties and functions previously performed by Mr. Campos.

12.     Thereafter, Mr. Campos went on a scheduled vacation in Mexico from October 31, 2016 to November 17, 2016.

13.     When he returned to work on his scheduled return date, November 17, 2016, his Assistant Manager Cory Albright, a white male under the age of 40, told Mr. Campos he could not work and that he needed to talk to Mr. Hastings.

14.     Although Mr. Campos had never, in nearly twenty-six years, been a seasonal or temporary employee, Mr. Hastings told Mr. Campos that there was no work for him and that he was laid off.

15.     Within a short period of time preceding and following the termination of Mr. Campos, Mr. Hastings also fired or laid off all non-white employees and all employees of the Edmond, Oklahoma branch who were over the age of forty.  Mr. Hastings replaced all of the terminated or laid off employees with Caucasian employees who were under the age of forty (40).  Many of the replacement employees had previously worked for Mr. Hastings at a different Oklahoma location.

16.     After the time that Mr. Hastings became the Branch Manager of Defendant's Edmond, Oklahoma branch, the minority employees of the Edmond, Oklahoma branch,

3

including Mr. Campos, were subjected to racial and national origin slurs and comments, such as "wetbacks" and other instances of hostile work environment based on their race and national origin.

17.     Following Mr. Campos' termination, Mr. Hastings has offered inconsistent reasons for Mr. Campos' termination, including false allegations that: (a) Mr. Campos was guilty of misconduct (although also admitting he was never disciplined during his 26 years); (b) Mr. Campos had become employed at Home Depot (a company he has never worked for); (c) he resigned; and (d) that Mr. Campos was a seasonal or temporary employee subject to seasonal layoff.

## COUNT I:  RACE AND NATIONAL ORIGIN DISCRIMINATION

18.     Mr. Campos adopts and incorporates paragraphs 1-17 as if restated herein.

19.     Mr. Campos is a member of a protected class as his race is Hispanic and his national origin is Mexican.

21.     Prior to his return from his scheduled vacation, he had fully performed all of his assigned duties and had never suffered any discipline, counseling or adverse employee reviews during twenty-six (26) years of employment with Defendant.

22.     His employment was terminated on approximately November 17, 2016 and Defendant also terminated or laid off all other minority employees.

23.     Defendant has given a series of demonstrably false reasons for Mr. Campos' termination which reasons were mere pretext for race and national origin discrimination.

24.     Defendant replaced Mr. Campos and the other minority employees with Caucasian employees.

25.     Defendant engaged in unlawful employment practices when it terminated Mr. Campos' employment based on his race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., and 42 U.S.C.A. § 1981 as Title VII prohibits discrimination based on race and national origin and § 1981 prohibits discrimination based on race.

26.     As a result of his termination, Mr. Campos suffered lost wages and benefits and is also entitled to recover compensatory damages for his mental anguish and embarrassment.

27.     Mr. Campos is also entitled to an award of punitive damages because Defendant's action was an intentional and knowing violation of Mr. Campos' right to employment free of discrimination.

## COUNT II:  AGE DISCRIMINATION

28.     Mr. Campos adopts and incorporates paragraphs 1-27 as if restated herein.

29.     Mr. Campos is a member of a protected class as he was, at the time of his termination, older than forty (40) years of age.

30.     He was terminated by Mr. Hastings, who is under the age of forty, and replaced by a man who is also under the age of forty.

31.     Prior to Mr. Campos return from his scheduled vacation, he had fully performed all of his assigned duties and had never suffered any discipline, counseling or adverse employee reviews during twenty-six (26) years of employment with Defendant.

32.     His employment was terminated on approximately November 17, 2016 and Defendant terminated or laid off all other employees who were forty or older.

43.     Defendant has given a series of demonstrably false reasons for Mr. Campos' termination which reasons were mere pretext for age discrimination.

44.     Defendant replaced Mr. Campos and the other former employees who were older than forty with employees who were younger than forty.

45.     Defendant engaged in unlawful employment practices when it terminated Mr. Campos' employment based on his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621.

46.     As a result of his termination, Mr. Campos has suffered lost wages and benefits and is entitled to recover compensatory damages for his mental anguish and embarrassment.

47.     Mr. Campos is also entitled to be awarded punitive damages because Defendant's action was an intentional and knowing violation of Mr. Campos' right to employment free of discrimination.

WHEREFORE, Plaintiff Reuben Campos respectfully requests the Court enter judgment in his favor and against Defendant on all claims asserted in this Complaint, award him actual and punitive damages, his reasonable attorneys' fees and costs, and all other relief to which the Court deems him entitled.

Respectfully submitted,

 s/ *Leslie L. Vincent*
_____
Leslie L. Vincent, OBA #15124
Scott C. Sublett, OBA #8737
Hiltgen & Brewer, P.C.
9505 North Kelley Avenue
Oklahoma City, OK 73131
Telephone: (405) 605-9000
Facsimile: (405) 605-9010
E-mail:  lvincent@hbokc.law
**ATTORNEYS FOR PLAINTIFF**

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**